# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHADWICK MILLER, | ) | CASE NO. 5:19-cv-2648 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| US MARSHALS SERVICE | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Chadwick Miller ("Miller") brings this action against the US Marshals Service ("USMS") pursuant to 42 U.S.C. § 1983. (Doc. No. 1 ("Compl.").) Miller moves to proceed with this action *in forma pauperis* (Doc. No. 2), and that motion is granted. Miller's motion for appointment of counsel is denied. (*See* Doc. Nos. 3, 5.)

For the reasons that follow, this case is dismissed.

## I. Background

Miller alleges that he is a terrorist victim of thought reading transmission technology installed on him against his will to cause him mental harm and end his life. Miller claims that, on October 6, 2017, his bond was revoked in a criminal case (2017CR0975). He states that the sheriff came to his house along with the USMS. Miller claims that the USMS "blatantly impersonated someone's voice from my past (Tommy Horne) and asked the sheriff to see their paperwork as to why they were arresting" him. To Miller's "shock and disbelief" the USMS allowed the sheriff to take him to jail in alleged blatant disregard of his constitutional rights. Miller repeatedly alleges in the complaint that the USMS is impersonating persons from his past,

that he is a terrorist victim of thought reading technology, and that the USMS endorses terrorism. (Compl. at 6-8.[1]) For relief, Miller seeks Five Hundred Million Dollars. (*Id*. at 9.)

## II. Discussion

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2)(B) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill*, 630 F.3d at 470-71. In order to state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78. Plaintiff is not required to include detailed factual allegations but must provide more than an unadorned the defendant-unlawfully-harmed-me accusation. *Id.* at 678. In reviewing a complaint, the Court must construe the pleading in a light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

---

[1] Page number references are to the page identification numbers generated by the Court's electronic filing system.

### B. Analysis

#### *Miller fails to state a plausible § 1983 action*

Miller brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy for the deprivation of an individual's federal statutory or constitutional rights by persons acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). But § 1983 does not apply to the USMS because marshals are federal actors, not state actors. *See Snyder v. United States*, 990 F. Supp. 2d 818, 836-37 (S.D. Ohio 2014) (FBI employee is a federal actor and cannot be sued under § 1983) (citing *Shepherd v. Sheldon,* No. 1:11 CV 127, 2011 WL 2971965, at *7 (N.D. Ohio July 21, 2011) (section 1983 does not apply to federal actors) (citing *Strickland v. Shalala*, 123 F.3d 863, 866, (6th Cir. 1997))). Moreover, Miller does not allege, nor can the Court reasonably infer from his allegations, that the USMS acted under color of state law. Accordingly, Miller fails to allege a plausible § 1983 claim against the USMS.

#### *Miller fails to state a plausible Bivens action*

Miller's claims, if any, arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 2001, 29 L. Ed. 2d 619 (1971). *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (district court properly construed action as a *Bivens* action where plaintiff alleged that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law) (citing *Bivens*). *Bivens* provides a cause of action against federal officials for certain limited constitutional violations of the Fourth, Fifth, and Eighth Amendments. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-69, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001).

As an initial matter, Miller does not specify the nature of his constitutional claim nor does Miller identify any individual marshal who allegedly violated his constitutional rights. A *Bivens* action may only be asserted against individual federal officials, not a department or agency. *See id*. at 72 ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer … . The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual[.]"). Moreover, the Court cannot reasonably infer from the complaint a constitutional claim that fits within the limited causes of action against federal officials permitted by *Bivens* and its progeny, and the expansion of *Bivens* remedies is disfavored. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857, 198 L. Ed. 2d 290 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity.") (quoting *Iqbal,* 556 U.S. at 675)). Accordingly, Miller fails to allege a plausible *Bivens* claim against the USMS.

For all the foregoing reasons, Miller fails to state a plausible claim upon which relief may be granted, and this action is dismissed pursuant to § 1915(e)(2)(B).

**C. Proceeding** *in Forma Pauperis*

Miller is a familiar litigant in the Northern District of Ohio. In addition to the instant action, the following cases brought by Miller are currently pending: (1) *Miller v. Holmes County Sheriff Department*, Case No. 5:20-cv-00225; (2) *Miller v. Fidelity Investments*, Case No. 1:20-cv-00048; (3) *Miller v. Citizens Securities, Inc.*, Case No. 5:20-cv-00394; (4) *Miller v. Mt. Eaton Police Department*, Case No. 5:19-cv-02618; and (5) *Miller v. Coleman Professional Services*, Case No. 5:19-cv-02832. In all the pending cases, Miller seeks to proceed *in forma pauperis*.

Cases brought by Miller and already decided are: (1) *Miller v. Akron Bar Association, Attorney Referral*, Case No. 5:19-cv-01334; (2) *Miller v. Akron Police Department*, Case No. 5:19-cv-01335; (3) *Miller v. Jackson Police Department*, Case No. 5:19-cv-01371; (4) *Miller v. Fidelity Investments*, Case No. 1:19-cv-01526; (5) *Miller v. Federal Bureau of Investigation*, Case No. 5:19-cv-01620; and (6) *Miller v. State of Ohio, Stark County Prosecutors Office*, Case No. 5:19-cv-01868. In all six cases, Miller sought and received permission to proceed *in forma pauperis*. All six cases were dismissed on screening pursuant to 28 U.S.C. § 1915(e).

Up to this point, the Courts in the Northern District of Ohio have permitted Miller's meritless law suits to proceed without payment of the filing fee. There comes a point, however, when the Court cannot permit Miller to continue filing frivolous lawsuits at taxpayer expense. "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989).

Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). "[F]ederal courts have the inherent power to ... [restrict] future access to the judicial system, to deter future frivolous ... lawsuits." *Lawrence v. Bevin*, No. 1:16CV-P161-GNS, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017) (citing among authority *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000)). This inherent power includes denying the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing meritless lawsuits. *See In re McDonald*, 489 U.S. at 184-85; *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th

5

Cir. 1989) (per curiam); *Weber v. Louisville Metro Police Dep't*, No. 3:16-CV-779-DJH, 2017 WL 1293019, at *2 (W.D. Ky. Apr. 5, 2017) (citing *In re McDonald*).

The Court has a responsibility to ensure that the judiciary's resources are allocated in a manner that advances the interests of justice. Having reviewed Miller's meritless lawsuits, the Court concludes that Miller has abused the privilege of proceeding *in forma pauperis* in the Northern District of Ohio. The Clerk of Court is, therefore, instructed not to accept future actions for filing in the Northern District of Ohio unless Miller submits the full filing fee. *See Maxberry*, 879 F.2d at 224 (instructing Clerk to refuse to accept from plaintiff future appeals from judgments dismissing his civil rights suits unless he submits the filing fee).

### III. Conclusion

For all the foregoing reasons, this case is dismissed pursuant to § 1915(e)(2)(B).

Miller's motion to proceed *in forma pauperis* is granted (Doc. No. 2). However, the Clerk of Court is instructed not to accept future actions for filing in the Northern District of Ohio unless Miller submits the full filing fee. If Miller submits a pleading for filing without submitting the full filing fee, the Clerk shall return the unfiled pleading to Miller with a copy of this Memorandum Opinion and Order.

Miller's motion for appointment of counsel is denied (Doc. 3).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 13, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**